

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)   PAGE 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
JUN 29 2015
DAVID CREWS, CLERK
BY_____ Deputy

Tommy Lee Skinner
**Plaintiff**

Okolona Police Dept. et.al.
Chief Willie Moore
Ofc. Adam Johnson
**Defendant**

CASE NO. 1:15CV121-GHD-JMV

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Tommy Lee Skinner
   B. Name under which sentenced: Tommy Lee Skinner
   C. Inmate identification number: 48678
   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): 200 East Washington St. Okolona, MS 38860
   E. Place of confinement: ~~~~

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Ofc. Adam Johnson
   Title (Superintendent, Sheriff, etc.): Investigator
   Defendant's mailing address (street or post office box number, city, state, ZIP): 106 W. Main St. Okolona, MS. 38860
   662-447-2484

-1-

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)      PAGE 2

Name: **Willie Moore**
Title (Superintendent, Sheriff, etc.): **Cheif of Police**
Defendant's mailing address (street or post office box number, city, state, ZIP): **106 W. Main St. Okolona, MS. 38860**

Name: **Okolona Police Dept.**
Title (Superintendent, Sheriff, etc.): **106 W. Main St.**
Defendant's mailing address (street or post office box number, city, state, ZIP): **Okolona, MS. 38860 662-447-2484**

Name:
Title (Superintendent, Sheriff, etc.):
Defendant's mailing address (street or post office box number, city, state, ZIP):

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?    ☒ Yes    ☒ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

   Plaintiff(s): **Tommy Lee Skinner**
   Defendant(s): **Okolona Police Dept. et al**
   B. Court: _____  C. Docket No.: _____
   D. Judge's Name: _____  E. Date suit filed: _____
   F. Date decided: _____  G. Result (affirmed, reversed, etc.): _____

5. Is there a prisoner grievance procedure or system in the place of your confinement?    ☐ Yes    ☒ No

6. If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).    ☐ Yes    ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

-2-

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 4

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

   BECAUSE THE SUIT HAS NOTHING TO DO WITH MY IMPRISONMENT

9. Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

   SEE ATTACHMENTS
   STATEMENT OF FACTS
   C, D, E, F, G.

## INTRODUCTION

This is a civil rights matter filed by Tommy Skinner for damages relief under the 4th Amendment rights as stated in 42 U.S.C. § 1331 & 1343 unreasonable search and siezure and invasion of "privacy" and wrongful arrest and false imprisonment. From July 15, 2014 Through June 10, 2015 (9 months)

## JURISDICTION

This court has jurisdiction over the plaintiffs claims of violation of federal constitutional rights under U.S.C. §§ 1331 (1) and 1343. Plaintiff respectfully requests a jury trial.

This court has supplemental jurisdiction over the plaintiff's state in tort claims under 28. U.S.C. § 1367. Plaintiff has a pending state claim for wrongful arrest and false imprisonment. (9 months)

-A-

## Parties

1) The Plaintiff Tommy Lee Skinner.

2) Defendant Officer Adam Johnson for his unreasonable search & siezure, Invasion of Privacy, Wrongful Arrest & False Imprisonment while acting in his capacity as a police officer with the Okolona Police Dept.

3) Defendant Willie Moore, Chief of Police, of the Okolona Police Dept. in his capacity of of commander of said Department.

4) Okolona Police Dept. in its capacity as a governing body of law.

## FACTS

1) On the 14th day of July, 2014 the Plaintiff was at home asleep on his couch. See, Ex.

2) At about 7:30 AM Officer Johnson knocked on the Plaintiff's front door. See, Ex.

3) The Plaintiff answered the door and Officer Johnson stepped into the Plaintiff's home. See, Ex

4) Officer Johnson then stated that he was investigating a possible breaking and entering at this address. 200, E, Washington St, Okolona, MS. See, Ex

5) Officer Johnson at that time gained the knowledge that there was no breaking and entering at the Plaintiff's home. See, Ex

6) Officer Johnson then used the alleged breaking & entering to question the Plaintiff about allegedly kicking the door at Ross's Liquor Store. See, Ex

7) The Plaintiff stated that he knew nothing about anyone kicking the door at Ross's Liquor Store.    -C-

## FACTS CONTINUED

8) Officer Johnson then asked the plaintiff if he owned any gym shoes.

9) The plaintiff replied "Yes."

10) Officer Johnson then invaded the privacy of the plaintiff's home unreasonably searching the living room closet.

11) Officer Johnson then entered the plaintiff's bedroom and began searching.

12) Officer Johnson then opened the bedroom closet door and found a pair of red & white Jordan gym shoes. See Ex

13) Officer Johnson removed said shoes from closet and brought them to the living room. See Ex

14) Officer Johnson then took out his cell phone and photographed the soles of the gym shoes. See Ex

15) Plaintiff then asked if he was under arrest, and if the officer had a search warrant.

— D —

## FACT CONTINUED

16) OFFICER JOHNSON THEN STATED "NO."

17) OFFICER JOHNSON THEN EXITED THE PLAINTIFF'S HOME AND STATED "I'LL SEE YOU LATER" AND HE LEFT.

18) ON THE 15th DAY OF JULY, 2014 OFFICER JOHNSON THEN RETURNED TO THE PLAINTIFF'S HOME AND WRONGFULLY ARRESTED THE PLAINTIFF, WITHOUT PROBABLE CAUSE. SEE EX

19) SAID ARREST WAS FOR ATTEMPTING TO COMMIT AN OFFENSE. SEE EX

20) OFFICER JOHNSON THEN ENTERED THE PLAINTIFF'S HOME AGAIN AND INVADED HIS PRIVACY BY ONCE AGAIN SEARCHING AND SIEZING THE GYM SHOES. SEE EX

21) OFFICER JOHNSON PLACED SAID GYM SHOES IN A BAG AND TRANSPORTED BOTH THE PLAINTIFF AND THE GYM SHOES TO THE HOUSTON COUNTY JAIL, SEE EX

—E—

# FACTS CONTINUED

22) On the 17th day of July, 2014, Judge Judy Posey brought the Plaintiff before her and witnessed the arrest warrant for the Plaintiff's arrest. See Ex

23) Said arrest warrant was issued after the Plaintiff was wrongfully arrested without probable cause on the 15th day of July, 2014. See Ex

24) The Plaintiff was denied the right to secure bond because M.D.O.C. placed a hold on the Plaintiff. See Ex

25) M.D.O.C. Probation & Parole Officers then violated the terms of the Plaintiff's Probation. See Ex

26) Upon the Plaintiff's court hearing the Judge revoked the Plaintiff's probation and sentenced the Plaintiff to 3 years in prison. See Ex

27) Said sentence caused the Plaintiff to be falsely imprisoned for (9 months.) See Ex From July 15, 2014 Through June 10, 2015

—F—

## FACTS CONTINUED

28) AS A RESULT OF THE "UNREASONABLE" SEARCH AND SIEZURE AND INVASION OF PRIVACY BY OFFICER JOHNSON, THE PLAINTIFF SUFFERED WRONGFULLY ARREST AND FALSE IMPRISONMENT. SEE EX.

29) IN DIRECT VIOLATION OF CONSTITUTIONAL RIGHTS OF THE 4th AMENDMENT THAT ALL CITIZENS SHALL BE SECURE IN THEIR HOMES FROM UNREASONABLE SEARCH AND SEIZURE AND INVASION OF PRIVACY. SEE EX

30) ALL DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW.

DATE 6-26-15

_____
PLAINTIFFS SIGNATURE

-G-

## Claims for Relief

## Civil Rights

A) The actions of Officer Johnson by entering the home, did "invade" the plaintiff's "privacy" and unreasonably "searched" the plaintiff's "home" in direct violation of the 4th Amendment of the U.S. Constitution U.S.C.A. Const. Amend. A: 42 U.S.C.A. § 1983.

B) The actions of Officer Johnson by wrongfully arresting the plaintiff without probable cause did cause the plaintiff to be falsely imprisoned for approximatly 9. months in M.D.O.C. in direct violation of the 4th Amendment of the U.S. Constitution U.S.C.A. Const. Amend. A: 42. U.S.C.A. § 1983. Said action arose out of the unreasonable search of plaintiff's home and invading his "privacy." Const. Amend 4:

C) The actions of Officer Johnson in unreasonably searching the plaintiff's home is not judged by the probative value of the evidence uncovered but by the degree of the invasion. Officer Johnson's unreasonable search of the

—H—

## CLAIMS FOR RELIEF CONTINUED

PLAINTIFFS LIVING ROOM, LIVING ROOM CLOSET, BEDROOM, & BEDROOM CLOSET DID AGREIGIOUSLY IVADE AND VIOLATED. THE PLAINTIFFS 4th AMENDMENT RIGHTS. U.S.C.A, CONST. AMEND 4th. A: 42. USCA. § 1983.

D) THE ACTIONS OF CHIEF WILLIE MOORE IN ALLOWING OFFICER JOHNSON TO UNREASONABLY SEARCH, INVADE THE PLAINTIFF'S PRIVACY AND WRONGFULLY ARREST LEADING TO FALSE IMPRISON- -MENT DID VIOLATE THE PLAINTIFF'S 4th AMEND- -ment RIGHTS. OF THE U.S. CONSTITUTION 42, USCA § 1983.

CASE LAW SUPPORTING PLAINTIFFS CLAIMS ARE AS FOLLOWS:

HECTOR V WATT 235 F 3d 154 (2000) KEY 3
SCRIBNER V DILLARD 141 FED. APPX. 240 (2005) KEY 3
WHIRL V KERN 407 F 2d 781 (1968) KEY 30
MOORE V McDONALD 30 F. 3d 616 (1994) KEY 9

-I-

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

A) ISSUE A DECLARATORY JUDGEMENT STATING THAT:
   1) THAT THE PLAINTIFF'S HOME WAS UNREASONABLY SEARCHED AND EVIDENCE SIEZED.
   2) THAT THE PLAINTIFF'S RIGHT TO PRIVACY WAS INVADED.
   3) THAT THE PLAINTIFF WAS WRONGFULLY ARRESTED
   4) THAT THE PLAINTIFF WAS FALSLY IMPRISONED.
   5) THAT NO PROBABLE CAUSE EXISTED.

B) ISSUE AN INJUNCTION ORDERING:
   1) OFFICER JOHNSON WILL NOT BE A PARTY TO ANY LEGAL ACTION CONCERNING THE PLAINTIFF.
   2) ISSUE AN INJUNCTIONS AGAINST THE OKOLONA POLICE DEPT. FROM EXACTING RETRIBUTIVE ACTS AGAINST THE PLAINTIFF.

C) AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:
   1) $500,000.00 JOINTLY AND SEVERALLY AGAINST OFFICER JOHNSON, CHIEF WILLIE MOORE AND THE OKOLONA POLICE DEPT. FOR UNREASONABLE SEARCH & SIEZURE, INVASION OF PRIVACY, WRONGFUL ARREST AND FALSE IMPRISONMENT. (9 months)

-J-

# RELIEF REQUESTED
## CONTINUED

D) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

   1) $50,000.00 EACH AGAINST DEFENDANTS OFFICER JOHNSON, CHIEF WILLIE MOORE AND THE OKOLONA POLICE DEPT. FOR UNREASONABLE SEARCH & SIEZURE, INVASION OF "PRIVACY", "WRONGFUL ARREST" AND FALSE IMPRISONMENT. (9 months)

E) GRANT SUCH RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.

I would like to request a Federal investigation to this complaint

_6-26-15_
DATE

RESPECTFULLY SUBMITTED,

_Lonnie Shinnd_
NAME

_Same Address_
ADDRESS

-K-

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                                          PAGE 5

10. State briefly exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

SEE ATTACHMENTS
~~[scribbled out]~~
J + K

This Complaint was executed at (location): _____

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 8/6-26-15                         _Tommy [signature]_
                                            Plaintiff's Signature

-5-

## CERTIFICATE OF SERVICE

This is to certify that I have this date, caused to be mailed, via United States Mail, postage pre-paid, a true and correct copy of the above and foregoing Pleading to:

UNITED STATES
David Crews, Clerk
U.S. District Court, Clerk's Office
301 W. Commerce St., #13
Aberdeen, MS 39730

OFFICER ADAM JOHNSON
106 W. MAIN ST.
OKOLONA, MISS
38860
662-447-2484

CHIEF OF POLICE
WILLIE MOORE
106 W. MAIN ST.
OKOLONA, MS. 38860

OKOLONA POLICE DEPT.
106 W. MAIN ST.
OKOLONA, MISS
38860

ALL DEFENDANTS AT SAME ADDRESS AND PHONE NUMBER
662-447-2484

SO CERTIFIED, this the 26 day of 6 , 20____.

New Address As of
6/10/15
200 E. Washington St
Okolona MS 38860

TOMMY SKINNER
Petitioner
48678
MDOC #
MSP UNIT 30A B ZONE #186
Address
PARCHMAN, MS. 38738
Address



From: Jermie Lee Skinner
200 E Washington
Kolowa MS 38860

US District Court, Clerk's Office
David Crews, Clerk
301 W. Commerce St., #13
Aberdeen MS 39730

RECEIVED JUN 29 2015
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

USPS TRACKING #
9114 9999 4431 4537 3652 95





PAID OKOLONA, MS 38860 JUN 26 15 AMOUNT $5.85 00083917-04